**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ERIKA BECKS, on behalf of
herself and all others similarly situated**                                **PLAINTIFF**

**v.**                                              Civil Action No.:    3:23-cv-442-HTW-LGI

**CAPPAERT MANUFACTURED HOUSING,
INC.**                                                                      **DEFENDANT**

---

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL WARN ACT 29 U.S.C.
§ 2101, *ET SEQ.***

---

**COMES NOW**, Plaintiff, Erika Becks, and files this Class Action Complaint against Defendant Cappaert Manufactured Housing, Inc., on her own behalf and on behalf of over two hundred other employees, challenging Defendant's violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

**PARTIES**

1.      Plaintiff, Erika Becks, is an adult resident of the state of Mississippi.  Plaintiff worked for Cappaert Manufactured Housing, Inc. prior to her termination on or about November 25, 2022.

2.      Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Cappaert Manufactured Housing, Inc. and were terminated as a result of the closure of its facility in Vicksburg, Mississippi.

3.      Defendant, Cappaert Manufactured Housing, Inc. ("Cappaert"), is a Mississippi Corporation with its principal place of business located at 6200 HWY 61 S, Vicksburg, MS 39180.

Cappaet can be served with process through its registered agent, Alan B Cappaert, at 6200 HWY

61 S, Vicksburg, MS 39180.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331,

1332 and 1367.

5.      This Court has personal jurisdiction over Cappaert because it is incorporated in this

state, its principal place of business is in this state, and the layoffs which are the subject of this

lawsuit occurred in this state.

## FACTUAL ALLEGATIONS

6.      Cappaert is a manufacturing company that produces manufactured homes.

7.      Cappaert had a manufacturing facility located in Vicksburg, Mississippi where

some of the manufactured homes were built.

8.      In early November 2022, Cappaert employed approximately 200 people at its

facility in Vicksburg, Mississippi.

9.      On or about November 25, 2022, Plaintiff and approximately seventy-five (75)

other employees who worked at the Vicksburg facility were informed that their employment was

terminated effective immediately.

10.     On or about November 28, 2022, approximately seventy-five (75) more employees

who worked at the Vicksburg facility met the same fate – the message that their employment was

terminated effective immediately.

11.     Within the next three months following the first layoff in November, Cappaert

proceeded to terminate approximately 90% of its employees who worked at the Vicksburg facility.

12.     The mass layoff which began in November of 2022 led to the eventual shuttering

of the Vicksburg facility.

13.     By May of 2023, all employees at the Vicksburg facility had suffered an employment loss as a result of the mass layoff which began in November of 2022.

14.     Plaintiff, and all other employees who suffered an employment loss as a result of the mass layoff, were not provided with sixty days' worth of advance notice.

15.     At all relevant times, Cappaert employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

16.     Thus, Cappaert is subject to the advance notice requirements as set forth in 29 U.S.C. § 2102.

17.     As such, Cappaert's failure to provide the requisite sixty days' worth of notice amounts to a violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

18.     Neither Plaintiff nor any of the other employees at the Vicksburg facility were provided severance pay.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

**Vicksburg Facility Class**
All employees who were employed by Cappaert that suffered an employment loss as a result of the mass layoff which began in November of 2022.

20.     <u>Numerosity – Fed R. Civ. P. 23(a)(1).</u>   The Class contains approximately 200 individuals, the joinder of which in one action would be impracticable.  The exact number or identification of the Class Members is presently unknown.  The identity and number of the Class Members is ascertainable and can be determined from the Defendant's records.

21.     <u>Predominance of Common Questions - Fed R. Civ. P. 23(b)(3).</u>  The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to:

   a.     Whether the Class Members were employees of the Defendant;

   b.     Whether Defendant gave the requisite 60 days' advanced written notice;

   c.     Whether Defendant can avail itself of any affirmative defenses;

   d.     Whether the proposed class has enough members for this class action to proceed;

   e.     Whether Defendant paid the Class Members 60 days' wages and benefits as required by the WARN Act.

22.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

23.     <u>Typicality – Fed R. Civ. P. 23(a)(3).</u>  Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

24.    <u>Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).</u>  Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and have retained counsel competent and experienced in such class action litigation.

25.    <u>Superiority – Fed. R. Civ. P. 23(b)(3).</u>  This case is best suited as a class action because individual litigation of each Class Members' claims would be impracticable and unduly burdensome on the courts.  Because of the size of each individual Class Members' claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint.  A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I – VIOLATION OF THE FEDERAL WARN ACT

26.    Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

27.    Plaintiff and other affected employees who have worked for Cappaert are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et. seq.*

28.    Defendant is subject to the notice and back pay requirements of the federal WARN Act because Cappaert is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

29.    Plaintiff, and all other similarly situated employees, were not provided any advance notice of their job losses.

30.    Defendant engaged in conducting a mass layoff/plant closing but has not provided affected employees with the required notice, in violation of the federal WARN Act.

**JURY DEMAND**

31.    Plaintiff requests a trial by jury on these claims.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests this Court enter the following relief:

a.    Declare and find that the Defendant has violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b.    Certify this case as a class action;

c.    Award compensatory damages and penalties, in an amount according to proof;

d.    Award pre- and post-judgment interest;

e.    Award reasonable attorneys' fees, costs, and expenses; and

f.    Award any and all additional relief the Court may deem appropriate.

Respectfully Submitted,

**ERIKA BECKS**

By:    /s/ William "Jack" Simpson
       William "Jack" Simpson, MBN 106524
       **LANGSTON & LOTT, PLLC**
       100 South Main Street
       Post Office Box 382
       Booneville, MS  38829-0382
       Telephone: (662) 728-9733
       Facsimile: (662) 728-1992
       Email: jsimpson@langstonlott.com